UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMADO ARMANDO VALDES-OVIEDO, | CASE NO. C25-2720-KKE |
| Petitioner(s), | ORDER GRANTING HABEAS PETITION |
| v. | |
| IMMIGRATION AND CUSTOMS ENFORCEMENT FIELD OFFICE DIRECTOR, | |
| Respondent(s). | |

Petitioner, proceeding *pro so*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 3. Petitioner is a citizen of Cuba who entered the United States in June 1980 and was paroled as a refugee. In March 2006, an immigration judge ("IJ") ordered him removed to Cuba. He was detained for three months before being released on an order of supervision. Then, in August 2025, Immigration and Customs Enforcement ("ICE") re-detained Petitioner, informing him that he could now be removed on account of "changed circumstances[.]" Since then, ICE notified Petitioner of its intent to remove him to Mexico. Petitioner has refused to sign the notice of removal to Mexico and states that he fears being persecuted or tortured there.

As Petitioner has now been detained for more than six months since the entry of his final order of removal, he seeks immediate release on bond and requests injunctive relief related to a

ORDER GRANTING HABEAS PETITION- 1

future removal to Mexico or another third country. For the following reasons, the Court will grant the petition and grant in part Petitioner's request for related injunctive relief.

## I.   BACKGROUND

Petitioner fled Cuba in 1980 as part of the Mariel boatlift. Dkt. No. 13 at 2. Upon arrival, he was paroled into the United States as a refugee. Dkt. No. 7-1, Dkt. No. 8 ¶ 4. Between the 1980s and early 2000s, Petitioner was convicted of several offenses involving possession or delivery of controlled substances that ultimately led to his detention by immigration authorities and placement in removal proceedings in February 2006. Dkt. No. 7-1 at 3, Dkt. No. 7-2, Dkt. No. 8 ¶¶ 5–7. On March 15, 2006, Petitioner appeared at his removal hearing *pro se*. Dkt. Nos. 7-4 at 2, Dkt. No. 8 ¶ 8. The IJ ordered him removed to Cuba, and he remained in custody for three months, before being released on an order of supervision ("OSUP"). Dkt. No. 7-4 at 2, Dkt. No. 7-5, Dkt. No. 7-6, Dkt. No. 8 ¶¶ 8–9.

On August 15, 2025, Petitioner appeared at the ICE field office in Seattle, Washington for his scheduled reporting. Dkt. No. 7-7 at 3, Dkt. No. 8 ¶ 11. ICE re-detained Petitioner and served him with a notice of revocation of release, which states that "ICE has determined that you can be removed from the United States pursuant to the outstanding order of removal against you" due to "changed circumstances[.]" Dkt. No. 7-8. Respondent has been unable to confirm if Petitioner received an interview upon his arrest, as required by 8 C.F.R. § 241.13(i)(3). Dkt. No. 6 at 7 n.2.

Respondent states that, on November 10 and again on December 23, 2025, ICE notified Petitioner of its intent to remove him to Mexico and that Petitioner refused to sign both notices (although only the latter notice is in the record). Dkt. No. 8 ¶ 12–13, Dkt. No. 7-10. The record does not reflect whether Petitioner claimed a fear of Mexico at that time, but he now claims that he fears persecution or torture if he were removed to Mexico. Dkt. No. 13 at 3.

ORDER GRANTING HABEAS PETITION- 2

On December 29, 2025, Petitioner filed a petition for writ of habeas corpus.[1]  Dkt. No. 3. The Government filed its return on January 26, 2026.  Dkt. No. 6.  Petitioner then filed a motion for a temporary restraining order seeking to enjoin his transfer from this District pending resolution of his petition (Dkt. No. 9), which this Court granted (Dkt. No. 12).

The petition is now fully briefed and ripe for resolution.  For the following reasons, the Court will grant the petition.

## II.    ANALYSIS

### A.    Legal Standards

#### 1.  Habeas Jurisdiction

To succeed on a habeas petition, a petitioner must show he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241.  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A district court's habeas jurisdiction includes challenges to immigration-related detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

#### 2.  Legal Framework Governing Detention of Non-Citizens Subject to an Order of Removal

Detention of noncitizens following an order of removal is governed by the INA.  "When [a noncitizen] has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the [noncitizen's] removal during a subsequent 90-day statutory 'removal period,' during which time the [noncitizen] normally is held

---

[1] The filing fee was not posted until January 9, 2026, at which time the petition was formally entered on the docket. Dkt. Nos 2, 3.

ORDER GRANTING HABEAS PETITION- 3

in custody." *Zadvydas*, 533 U.S. at 682. During the 90-day removal period, the Government "shall detain" the noncitizen. 8 U.S.C. § 1231(a)(2)(A). Once the 90-day removal period ends, the Government may continue to detain certain noncitizens. *Id.* § 1231(a)(6). "[A noncitizen] ordered removed who is inadmissible …, removable[,] … or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period[.]" *Id.*

Federal regulations govern the re-detention and revocation of supervised release of a noncitizen with a final order of removal. 8 C.F.R. § 241.13(a). Under 8 C.F.R. § 241.13(i), ICE may revoke a noncitizen's release if (1) if they violate the conditions of their release or (2) if, "on account of changed circumstances," ICE determines there is a significant likelihood the noncitizen will be removed in the reasonably foreseeable future.

However, the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. *Zadvydas*, 533 U.S. at 699. "A statute permitting indefinite detention of [a noncitizen] would raise a serious constitutional problem [under] … [t]he Fifth Amendment's Due Process Clause." *Id.* at 690. Thus, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701.

In challenging detention through a habeas petition, the petitioner bears the initial burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Once that showing is made, the Government "must respond with evidence sufficient to rebut that showing." *Id.* If the Government fails to meet its burden, then the noncitizen must be released from detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).

ORDER GRANTING HABEAS PETITION- 4

**B.    Petitioner's Continued Detention Is Unlawful.**

Petitioner has been present in the United States for nearly 46 years and is entitled to the protections of the Due Process Clause. *Zadvydas*, 533 U.S. at 693. As the Government concedes, since he was ordered removed, Petitioner has been detained for months beyond the presumptively reasonable six-month period under *Zadvydas*. Dkt. No. 6 at 8. Accordingly, his detention is no longer "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. Petitioner has met his burden to show that there is no significant likelihood of removal in the reasonably foreseeable future because ICE has been unable to remove him to Cuba for years, and no third country has agreed to accept him. Although ICE notified Petitioner of an intent to remove him to Mexico, there is no evidence that Mexico (or any other country) is willing to accept Petitioner under 8 U.S.C. § 1231(b)(2)(E). Indeed, Respondent submits no evidence that it has even asked the government of Mexico to accept him or that any travel documents have been requested or obtained for his removal to Mexico.[2] Under these circumstances, Petitioner has satisfied his burden. *See, e.g.*, *Elshourbagy v. Bondi*, No. 2:25-cv-02432-TL, 2025 WL 3718993, at *4 (W.D. Wash. Dec. 23, 2025).

The burden now shifts to Respondent to respond with evidence sufficient to rebut Petitioner's showing. *Zadvydas*, 533 U.S. at 701. But Respondent's sole evidence that removal is likely is a statement by a deportation officer that ICE believes it will be able to eventually remove Petitioner to Mexico because "Mexico has been accepting Cuban citizens." Dkt. No. 8 ¶ 14. This singular and unsubstantiated claim falls far short of meeting Respondent's burden to show that removal is "likely." *See Zadvydas*, 533 U.S. at 702; *Nguyen v. Scott*, 796 F. Supp. 3d 703, 725 (W.D. Wash. 2025) ("Courts in this circuit have regularly refused to find Respondents' burden

_____

[2] Respondent's return also indicates that Petitioner was given notice of potential removal to "another country" other than Mexico but provides no argument or evidence concerning this unidentified "other country." Dkt. No. 6 at 4. The record in support of the return likewise contains no information about removal to a country other than Mexico.

ORDER GRANTING HABEAS PETITION- 5

met where Respondents have offered little more than generalizations regarding the likelihood that removal will occur."). Apart from this single sentence of ICE's "belief" about Mexico, the Government presents no other evidence that removal to Mexico is possible, much less foreseeable.[3] Indeed, courts in this District have found that Mexico has been unwilling to accept noncitizens who, like Petitioner, are unwilling to go. *See, e.g., Coke v. Bondi*, No. C26-71-MLP, 2026 WL 221514, at *2 (W.D. Wash. Jan. 28, 2026); *Castillo-Rivas v. Bondi*, No. C26-0134-KKE, 2026 WL 295705, at *3 (W.D. Wash. Feb. 4, 2026).

Accordingly, the Court finds that Respondent has not met its burden to rebut Petitioner's evidence. Because Petitioner is entitled to habeas relief under *Zadvydas*, the Court will therefore grant his habeas petition and order his immediate release on bond, subject to the supervision conditions the Government previously imposed.[4]

**C.      The Court Will Grant in Part Petitioner's Requests for Injunctive Relief.**

Petitioner seeks not only his release from detention but also injunctive relief related to his potential removal to a third country under the Fifth Amendment to the United States Constitution, the Immigration and Nationality Act ("INA"), and the INA's implementing regulations. *See* Dkt. No. 13 at 1 (citing *Khim v. Bondi*, No. 2:25-CV-02383-RSL, 2025 WL 3653724 (W.D. Wash. Dec.

---

[3] As the Court previously noted, Dkt. No. 12, the majority of the sole paragraph in the Rodriguez Declaration concerning the likelihood of "Mexico … accepting Cubans" is redacted. Dkt. No. 8 ¶ 14. The Government cannot reasonably expect the Court to countenance claims it cannot read.

[4] Respondent also claims that Petitioner failed to exhaust his administrative remedies and urged the Court to require him to first seek a bond hearing. Dkt. No. 6 at 9. The Court observes that the Notice of Custody Determination attached to the Johnson Declaration expressly requests review by an IJ of Petitioner's detention. Dkt. No. 7-9. Though Respondent provided this document, Respondent does not acknowledge it. Similarly, the Petition repeatedly suggests that Petitioner did not receive the bond hearing he requested. *See* Dkt. 3 at 3, 6. As Respondent concedes, the exhaustion requirement is subject to waiver because it is not a jurisdictional prerequisite. Dkt. No. 6 at 10. For the reasons set forth in *Scott v. Wamsley*, No. 2:25-CV-1819, 2025 WL 3514304, at *4 (W.D. Wash. Dec. 8, 2025), *reconsideration denied*, No. 2:25-CV-1819, 2026 WL 83971 (W.D. Wash. Jan. 12, 2026), the Court finds waiver of the exhaustion requirement is appropriate. *See id.* ("Courts in this Circuit have regularly waived exhaustion requirements for noncitizens who face irreparable injury from being detained for months without a bond hearing, and where several additional months may pass before the BIA renders a decision on a pending appeal.") (citation amended).

ORDER GRANTING HABEAS PETITION- 6

17, 2025)). In particular, Petitioner requests an order enjoining the Government from removing him to a third country without notice and an opportunity to respond in re-opened removal proceedings. *Id.* He also requests an order enjoining Respondent from removing him to *any* third country because ICE's third-country removal policy seeks to impose unconstitutional punishment. *Id.* Respondent contends that the Court lacks jurisdiction to enjoin Petitioner's removal to a third country but does not respond to his contention that he is entitled to notice and a meaningful opportunity to respond in connection with any third country removal. Dkt. No. 6 at 11–13.

Because Petitioner's claims invoke both the Court's habeas and federal question jurisdiction, the Court could provide equitable relief on those claims if Petitioner met the standard for a permanent injunction. *See Roman v. Wolf*, 977 F.3d 935, 941–42 (9th Cir. 2020) ("Courts have long recognized the existence of an implied cause of action through which plaintiffs may seek equitable relief to remedy a constitutional violation."). Thus, the Court turns to consider the availability of the relief Petitioner requests.

1. <u>The Government Must Comply With the Law In Seeking Petitioner's Removal to a Third Country.</u>

Where the Government cannot remove a noncitizen to the country specified in their removal order, it may attempt to remove that person to a third country, but in doing so, it must comply both with the INA, 8 U.S.C. § 1231(b), and the Due Process Clause. *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1019 (W.D. Wash. 2019); *Kumar v. Wamsley*, No. C25-2055-KKE, 2025 WL 3204724, at *2 (W.D. Wash. Nov. 17, 2025) (explaining such designations "are subject to the same mandatory protections that exist in removal proceedings."). To comply with due process, the Government must provide sufficient notice and a meaningful opportunity for the noncitizen to present any claim of fear of persecution or harm upon removal to a designated third country. *Aden*, 409 F. Supp. 3d at 1019. The INA prohibits ICE from removing a noncitizen to any country where

ORDER GRANTING HABEAS PETITION- 7

their "life or freedom would be threatened … because of [their] race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1231(b)(3)(A).  The Government must "make a determination regarding a noncitizen's claim of fear before deporting him."  *Aden*, 409 F. Supp. 3d at 1010; 8 U.S.C. § 1231(b)(3)(A).  Multiple courts in this district have held that, if a noncitizen claims fear of removal to a designated third country, the Government must allow them to pursue withholding of removal through reopened removal proceedings before an IJ.  *Nguyen*, 796 F. Supp. 3d at 739; *Aden*, 409 F. Supp. 3d at 1011; *Baltodano v. Bondi*, No. C25-1958RSL, 2025 WL 2987766, at *3–4 (W.D. Wash. Oct. 23, 2025).

Consistent with *Aden*, the Court will grant Petitioner's request requiring that ICE may not remove or seek to remove Petitioner without notice of the intent to do so and a meaningful opportunity to respond in reopened removal proceedings before an IJ under 8 U.S.C. § 1231(b)(3). *Nguyen,* 796 F. Supp. 3d at 727 ("'[B]oth the due process clause and the governing statute place the burden on the government—regardless of whether the country of deportation is designated during or after the removal hearing—to provide a meaningful opportunity to be heard on asylum and withholding claims.' This cannot be satisfied by simply allowing the noncitizen to file a motion to reopen their removal proceedings; rather, the removal proceedings must be reopened so that a hearing can be held.") (quoting *Aden*, 409 F. Supp. 3d at 1010–1011)).

2. The Court Denies Petitioner's Request for an Order Enjoining Removal to Any Third Country.

Petitioner also seeks an order enjoining his removal to any third country "in an unconstitutionally, punitive manner[.]"  Dkt. No. 5 at 30.  As a threshold matter, numerous courts, including this one, have held ICE's third-country removal policy is unconstitutional.  *See, e.g.*, *Kumar*, 2025 WL 3204724, at *6; *Nguyen*, 796 F. Supp. 3d at 735 (collecting cases).  Respondent does not address this growing body of legal authority nor does it dispute the underlying factual

ORDER GRANTING HABEAS PETITION- 8

allegations supporting it.

Although the Court stands by its prior conclusion (unrebutted here) that ICE's third country removal policy violates due process, it nonetheless denies Petitioner's request for a broad permanent injunction against *any* third-country removal.  This order requires ICE to provide Petitioner with due process in effectuating any future third-country removal.  As such, on this record, it is not clear to the Court that additional injunctive relief is necessary to prevent irreparable injury at this time.  *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (discussing standard for permanent injunctive relief); *cf. Kumar*, 2025 WL 3204724, at *9 (enjoining third-country removal where petitioner was issued a notice that ICE intended to remove him to a third country where he would likely face persecution).

## I.   CONCLUSION

The Court GRANTS Petitioner's habeas petition.  Dkt. No. 3.

1. Respondent is ORDERED to immediately release Petitioner from custody on bond under the conditions of supervision previously imposed.

2. The Court further ORDERS that if ICE continues to pursue removal of Petitioner to a third country, Respondent must provide him with written notice of its intent to do so and a meaningful opportunity to respond in reopened removal proceedings before an immigration judge under 8 U.S.C. § 1231(b)(3).

3. No later than February 11, 2026, Respondent shall file a declaration confirming that Petitioner has been released from custody.

Dated this 9th day of February, 2026.

*Kymberly K Evanson*

Kymberly K. Evanson
United States District Judge

ORDER GRANTING HABEAS PETITION- 9